## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

NORMAN SILVER,

  Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC, and VYSTAR CREDIT UNION,

  Defendants.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NORMAN SILVER (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EXPERIAN INFORMATION SOLUTIONS, INC (hereafter "Experian" also known as a "CRA") and VYSTAR CREDIT UNION (hereafter "Vystar") (hearafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union

1

LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Suwannee County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Experian and Vystar transact business within this District.

9. Experian is a corporation headquartered in the State of California, authorized to conduct business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Vystar Credit Union is headquartered in the State of Florida, located at 4949 Blanding Boulevard, Jacksonville, Florida 32210.

**FACTUAL ALLEGATIONS**

13. Plaintiff is a natural person and resident of the State of Florida who is believed to miss payments on an auto loan.

14. On November 1, 2018 Plaintiff obtained an auto loan through Vystar Credit Union for purposes of purchasing a 2018 Toyota Tacoma Truck from Roundtree Moore Toyota.

15. On November 26, 2018, Plaintiff visited his local credit union, Sunstate Federal Credit Union (hereafter "Sunstate"). Plaintiff was offered a better interest loan rate and transferred his auto loan for his truck to Sunstate. On that same day, payment was submitted in the amount of $44,387.91 to Vystar to close out his pre-existing loan with them. The total payout was $44,387.91 and Plaintiff no longer owed any money to Vystar.

16. During the summer of 2020 Plaintiff noticed his credit score significantly dropped.

17. On July 20, 2020 Plaintiff obtained a copy of his credit report. Upon Plaintiff's review of his credit report, Plaintiff noticed the Vystar account was being reported as "closed", but with a "NOT_MORE THAN _ TWO _ PAYMENTS _ PAST_DUE" remark.

18. Plaintiff was never late on his auto loan payment to Vystar, as the pre-existing loan was paid in full by SunState 20 days prior to Plaintiff's first payment date with Vystar. There was no penalty for an early satisfaction of the loan.

19. On August 29, 2020 Plaintiff mailed a written dispute letter to Experian concerning the inaccurate reporting. Plaintiff explained in the letter that he did in fact at one point in time have an auto loan with Vystar under partial account number ****6680 to obtain his newly purchased truck. However, Plaintiff further explained that he transferred the auto loan to Sunstate and payment was submitted to Vystar for the remaining balance of the auto loan.

4

20. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 70200090000060100838. USPS confirmed delivery to Experian on September 1, 2020.

21. On September 8, 2020, Plaintiff received the dispute results from Experian (Report # 3349-8145-24). Experian responded as follows: Vystar Credit Union ****6680- **Remains.** Experian continued to reflect a "30 days late" for the Vystar account for the month of March.

22. On November 6, 2020, Plaintiff furiously mailed another dispute letter to Experian via certified mail (7000090000060116914) requesting for Vystar to report the account information correctly. Plaintiff in this letter provided additional detail including a large image of the check illustrating that Vystar was paid by Sunstate in the amount of $44,387.91 on November 26, 2018.

23. On November 16, 2020 Plaintiff received dispute results from Experian (Report # 3893-3973-58). Experian responded as follows: Vystar Credit Union ****6680- **Remains.** Experian still continued to reflect a "30 days late" for the Vystar account for the month of March despite being given concrete proof that SunState paid the remaining auto loan balance.

24. On December 22, 2020, Plaintiff frustratingly mailed another almost identical dispute letter repeating that Experian was incorrectly reporting a late payment status for his Vystar account.

25. Plaintiff mailed the aforementioned letter via USPS Certified Mail 70200090000060122175. USPS confirmed delivery to Experian on December 29, 2020.

26. On January 6, 2021 Plaintiff received dispute results from Experian (Report # 2555-7345-15). Experian responded as follows: Vystar Credit Union ****6680- **Remains**. Experian despite the evidence provided, did not correct the payment status and there was still a "30 days late" remark for the Vystar account.

27. On February 5, 2021, Plaintiff was bewildered as to why the remark was still reflected on his credit report. He mailed another detailed dispute letter with a large image of the check illustrating that Vystar was paid by SunState in the amount of $44,387.91 on November 26, 2018. In addition, Plaintiff provided a snapshot of Equifax dispute results shows that they investigate the claim and removed the late payment remark.

28. Experian never attempted to contact the Plaintiff about his dispute. Plaintiff continues to suffer as of the filing of this Complaint with Experian's reluctance to do any independent investigation about the fraudulent account.

29. Plaintiff's ONLY negative account in his Experian credit report was and continues to be inaccurate Vystar "30 days late" in March 2020.

30. Experian failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

31. As far as Plaintiff has ascertained, Vystar to this date, has never informed the credit reporting agencies that Plaintiff is not the responsible party to pay for the alleged auto loan payments.

32. This account is the result of negligent and/or willful mishandling, and failure by Experian to properly investigate all the facts which the Plaintiff explained in his dispute letters.

33. Plaintiff is now forced to abstain from applying from credit because the erroneous reporting is destroying his credit score resulting is significantly hire annual percentage rates.  The damages from the erroneous reporting continue to accrue as of the filing of this Complaint.

34. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit;
   ii. Loss of time attempting to cure the error;
   iii. Mental anguish, stress, aggravation, embarrassment, and other related impairments to the enjoyment of life.
   iv. Inability to apply for any credit.

35. All conditions precedent to the filing of this action has occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA- As to Experian)

36. Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty-five (35) above as is fully stated herein.

37. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

38. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

39. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Experian failed to properly conduct any independent investigation regarding the erroneous reporting.  Experian had the phone number of the original creditor and failed to communicate with Vystar Credit Union or Plaintiff to further investigate.

40. Experian failed to have policies and procedures to investigate the relationship of the disputed account and merely parrots back the electronic communication from the furnisher.

41. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, and EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCRA As to Experian)

42. Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty-five (35) above as is fully stated herein.

43. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is not always reliable.

44. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.  Plaintiff has purposely refrained from applying for more credit because of the erroneous reporting by Experian. Experian was made aware of the dispute about the erroneous reporting about Vystar Credit Union account and refused to correct it.

45. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

46. The Plaintiff is entitled to recover costs and attorney's fees Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
**(Violation of the FCRA As to Vystar Credit Union)**

47. Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty-five (35) above as is fully stated herein.

48. On at least one occasion within the past two years, by example only and without limitation, Vystar violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

49. On one or more occasions within the past two years, by example only and without limitation, Vystar violated 15 U.S.C. § 1681s-2(b)(1)(B) by

10

failing to review all relevant information provided by the consumer reporting agencies.

50. When Plaintiff mailed his detailed, written disputes and enclosures to the CRAs, they used e-Oscar to transmit those disputes to Vystar via ACDV forms.

51. The ACDV form is the method by which Vystar has elected to receive consumer disputes pursuant to 15 U.S.C. §§ 1681i(a) and 1681s-2(b).

52. Vystar understood the nature of the Plaintiff's dispute when it received the ACDV from Experian, TransUnion and Equifax.

53. When Vystar received the ACDV from Experian, Equifax and TransUnion, it as well could have reviewed its own systems and previous communications with the Plaintiff and discovered that Vystar in fact had connected Plaintiff to an account with a company at which he has never had service with, and the debt for which should not have made it onto Plaintiff's consumer report.

54. Notwithstanding the above, discovery will show Vystar follows a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all Vystar does is review its own internal computer screen with basic data for the account and repeat back to the ACDV system the same information Vystar already had reported to the CRAs. Vystar at all times had possession of the application, identification of the buyer, and additional information that could have easily discovered the fraud.

55. When Vystar receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

56. As a result of Vystar's violations of 15 U.S.C. § 1681s-2(b)(1)(A) and (B), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

57. The violations by Vystar were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Vystar was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

58. The law in this District, the Eleventh Circuit, and even nationally has long ago been articulated to require a detailed and searching investigation by a furnisher when it receives a consumer's FCRA dispute through a CRA.

59. Vystar was aware of the FCRA decisions by the Eleventh Circuit setting out furnishers' obligations to reasonably investigate disputes when it followed the ACDV procedures used regarding the Plaintiff's dispute.

60. Discovery will confirm that the procedures followed regarding the FCRA dispute through e-Oscar were the procedures that Vystar intended its employees or agents to follow.

61. Because of Vystar's failures in investigating Plaintiff's disputes, Plaintiff is entitled to recover actual damages, statutory damages, punitive

damages, costs and attorney's fees from Vystar in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, VYSTAR CREDIT UNION, for statutory damages, punitive damages, actual damages, costs, interest, attorneys' fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

Respectfully submitted,

***/s/ Octavio "Tav" Gomez***
Octavio "Tav" Gomez, Esquire
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
TGomez@ForThePeople.com
Lsommers@ForThePeople.com
*Attorney for Plaintiff*